## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, | § § § § § | |
| | § | CIVIL NO.  4:24-cv-2268 |
| Plaintiff, | § | |
| v. | § § | |
| YASMANI TORTOLO-GARCIA, | § § | |
| Defendant. | § § § | |

## COMPLAINT

Plaintiff, United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), files this Complaint seeking an Emergency Court Order to permit involuntary feeding, hydration, and medical testing of Defendant Yasmani Tortolo-Garcia, an alien lawfully in detention at the Montgomery Processing Center in Conroe, Texas.   Mr. Tortolo-Garcia was classified as a hunger striker on June 5, 2024, and is now on day 9 of his hunger strike. His refusal to eat and drink has reached a point where serious bodily injury is likely.

## JURISDICTION

1.     This Court has jurisdiction pursuant to 28 U.S.C. § 1345 because the United States of America is the Plaintiff.

2.     Courts have recognized that the United States has authority to prevent suicides by detainees and prisoners. *See Aamer v. Obama*, Nos. 13–5223, 13–5276, 13–5224, 13–5225, 2014 WL 519238 (D.C. Cir. Feb. 11, 2014) (acknowledging that absent exceptional

circumstances prison officials may force-feed a starving inmate actually facing the risk of death); *In re Soliman*, 134 F.Supp.2d 1238 (N.D. Ala. 2001) (noting that the Government's interests in the preservation of life and other factors have provided a basis for ordering forced feeding of an immigration detainee); *In re Sanchez*, 577 F.Supp. 7 (S.D.N.Y. 1983) (the Government was permitted to force-feed civil contemnor who had gone on hunger strike and was in immediate danger of suffering permanent bodily damage as a result); *United States v. Onyango*, No. 14-cv-0401-JAH-NLS, Docket No. 8 (S.D. Cal. Feb. 25, 2014) (granting temporary restraining order directing feeding, hydration, and medical testing as necessary to prevent injury, organ failure, or loss of life); *United States Department of Homeland Security v. Yaldiz*, No. 19-cv-1752-GPC-WVG, Docket No. 6 (S.D. Cal. Sept. 12, 2019) (granting temporary restraining order to allow involuntary hydration, medical examinations, and restraint if necessary); *United States Department of Homeland Security v. Ivanov*, No. 19-cv-1573-DMS-MDD, Docket No. 6 (S.D. Cal. Aug. 22, 2019) (granting temporary restraining order to allow physical evaluations, involuntary feeding and hydration, and restraint if necessary).

## VENUE

3.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district, at the Montgomery Processing Center (MPC) in Conroe, Texas.

## FACTS

4.    Defendant is an individual in ICE custody.

5.      Defendant is a citizen and national of Cuba and is presently detained at the MPC pursuant to the Immigration and Nationality Act (INA). He has been detained at the MPC since January 12, 2024.

6.      As of June 5, 2024, Defendant is on his 9th day of his self-imposed hunger strike. He has missed a total of 38 meals.

7.      Defendant's treating physician at MPC is concerned that involuntary feeding and hydration are necessary now to prevent further deterioration and serious medical complications. Continued fasting will result in permanent bodily damage and has the potential to become life threatening. Metabolic imbalance, if left untreated, will cause fatal arrhythmia and/or cardiac arrest.

8.      If Defendant's medical condition worsens, Plaintiff may need to seek additional emergency relief from this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays:

a.      That the Court issue an Order directing the United States, through competent medical providers employed by or contracted with the Public Health Service, ICE Health Service Corps, or at private medical facilities to: (1) involuntarily feed, hydrate and/or provide nutrition to Defendant; (2) perform physical evaluations on Defendant, take his vital signs, and perform laboratory testing; and (3) restrain Defendant, if necessary, to accomplish these procedures.

b.      That the Court set this matter for hearing as soon as practicable so that it can determine the rights of Defendant; and

      c.      For other such relief as the Court deems appropriate.

Dated: June 14, 2024

                            Respectfully submitted,

                            ALAMDAR S. HAMDANI
                            United States Attorney

                            By: */s/ Natasha Alexander*

                            Natasha Alexander
                            Assistant United States Attorney
                            Southern District No. 3770021
                            Texas Bar No. 24125476
                            1000 Louisiana, Suite 2300
                            Houston, Texas 77002
                            Tel: (713) 567-9000
                            Fax: (713) 718-3303
                            E-mail: natasha.alexander@usdoj.gov

                            Attorneys for Defendants