UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, | § § § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL NO. 4:24-cv-2268 |
| YASMANI TORTOLO-GARCIA, | § § § | |
| Defendant. | § § § | |

# ORDER

On June 14, 2024, Plaintiff U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE") filed a Complaint and Ex Parte Application for Emergency Temporary Restraining Order to allow Plaintiff to immediately and involuntary hydrate and perform medical examinations on Defendant Yasmani Tortolo-Garcia. ECF No. 2. The motion is supported by the declarations of Jeffery G. Vannett, Acting ICE Acting Assistant Field Office Director, ("Vannett Decl.") and Laura Stella M.D., ("Stella Decl."). According to those declarations, Defendant has been classified as being on a hunger strike since on or about June 5, 2024, including a refusal to consume adequate hydration. Defendant is at risk of suffering severe injuries or death as a result of his hunger strike. In Dr. Stella's medical opinion, "the issuance of a court order to perform involuntary feedings and hydration, blood draws and all necessary physical examinations is medically necessary to preserve and sustain Mr. Tortolo-Garcia's health, welfare, medical safety, and life." Stella Decl. ¶ 23.

Plaintiff is requesting an order allowing medical professionals to (1) involuntarily feed and hydrate Defendant; (2) perform physical evaluations on Defendant, take his vital signs, and perform laboratory testing; and (3) restrain Defendant, if necessary, to accomplish these procedures, in order to prevent injury, organ failure, and/or death due to his self-imposed hunger strike. The Government has represented that delaying this proceeding to serve the Defendant and allow him to respond would delay needed medical attention.

The Court finds that Government is likely to succeed in showing that its interests in preserving life and discharging its duties to care for those in its custody outweigh any interest Defendant might have in expressing himself through a hunger strike. *See, e.g., Grand Jury Subpoena John Doe v. United States*, 150 F.3d 170, 172 (2d Cir. 1998) (per curiam) (holding that force-feeding detainee on hunger strike does not violate his constitutional rights as "the preservation of life, prevention of suicide, and enforcement of prison security, order, and discipline, outweigh the constitutional rights asserted by" the detainee); *In re Soliman*, 134 F. Supp. 2d 1238, 1253–58 (N.D. Ala. 2001) (same). The Court also concludes that the other requirements for a temporary restraining order are met—there is a likelihood of irreparable harm, the balance of hardships tips in favor of the Government, and public policy favors preserving Defendant's life and health.

For the foregoing reasons, the Court **GRANTS** Plaintiff's Ex Parte Application for Emergency Temporary Restraining Order. It is hereby **ORDERED** that:

Competent medical professionals may: (1) involuntarily feed and hydrate the Defendant, consistent with necessary medical procedures; (2) perform necessary physical evaluations on Defendant, take his vital signs, and perform necessary laboratory testing; and

(3) restrain Defendant, if necessary, to accomplish these procedures, in order to prevent injury, organ failure, and/or death due to his self-imposed hunger strike.

It is further **ORDERED** that: (1) a medical doctor must be physically present during each administration of involuntary care to personally supervise, evaluate, and ensure that any such procedures are performed within the appropriate standard of care; and (2) ICE must update the Court on Mr. Tortolo-Garcia's medical condition on a weekly basis for the duration of this matter. *Cf. In re Bahadur*, 441 F. Supp. 3d 467, 469 & n.1 (W.D. Tex. 2020) (imposing such requirements to ensure respondent's safety).

This Temporary Restraining Order shall expire on **July 2, 2024, at 5:00 p.m.** A preliminary injunction hearing shall be held on **July 2nd, 2024 at 2:00 p.m., by telephone**. In the event that Plaintiff shall not seek a preliminary injunction, it shall notify the Court and, absent objections, the preliminary injunction hearing will be vacated, without prejudice to the Plaintiff.

    **IT IS SO ORDERED**.

    **SIGNED** at Houston, Texas on this the 18th day of June, 2024.

Keith P. Ellison
United States District Court Judge